IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| H.S.A., | : | |
|     Plaintiff | : | No. 1:21-cv-00054 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| MICHAEL D. BRAGG, | : | |
|     Defendant | : | |

### MEMORANDUM

Before the Court is Plaintiff H.S.A. ("Plaintiff")'s motion for default judgment as to Defendant Michael D. Bragg ("Defendant"). (Doc. No. 8.) For the reasons explained infra, the Court will grant the motion.

**I.   BACKGROUND**[1]

Plaintiff, an adult female currently residing in North Carolina, initiated the above-captioned action by filing a complaint in this Court on January 11, 2021, asserting a single tort claim for intentional infliction of emotional distress against Defendant based on Plaintiff's sexual victimization by Defendant. (Doc. No. 1.) Defendant is an adult currently incarcerated at Franklin County Prison in Chambersburg, Pennsylvania. (Id. ¶ 3.) Defendant was previously employed as a nurse at UPMC Carlisle from July 1, 2017 through April 19, 2019, during which time Defendant secretly recorded two hundred and six (206) UPMC Carlisle patients, including nearly two dozen children, in various stages of undress. (Id. ¶¶ 6, 14-17.) In late 2019, Plaintiff was notified by the Attorney General's Office for the Commonwealth of Pennsylvania that she was one of the individuals recorded and that Defendant possessed illicit images, videos, and/or recordings of her. (Id. ¶ 17.) Plaintiff alleges that Defendant's conduct was extreme,

---

[1] The following factual background is derived from the allegations of Plaintiff's complaint. (Doc. No. 1.)

outrageous, and intentional, and that Plaintiff has suffered severe emotional distress as a result of Defendant's actions. (Id. ¶¶ 18-22.) Accordingly, Plaintiff seeks damages in excess of seventy-five thousand dollars ($75,000).

A review of the docket in the above-captioned action indicates that Defendant was personally served with the complaint in this matter on January 19, 2021 at the Franklin County Jail. (Doc. No. 3.) Defendant never entered an appearance before this Court and otherwise failed to plead or respond to Plaintiff's complaint. Accordingly, on July 13, 2021, Plaintiff filed a motion for default judgment without first filing a request for entry of default by the Clerk of Court. (Doc. No. 5.) After being advised to file a proposed motion for the entry of default, which Plaintiff did (Doc. No. 6), the Clerk of Court entered default against Defendant (Doc. No. 7). Plaintiff refiled her motion for default judgment on July 14, 2021. (Doc. No. 8.) In the instant motion, Plaintiff requests a jury trial to determine the amount of damages. (Id.) Given Defendant's lack of participation in this matter, no opposition to the motion has been filed, and because the applicable time period for doing so has expired, the motion is now ripe for disposition.

**II.   LEGAL STANDARD**

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). See 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Once the Clerk of Court has entered a default, the party seeking the default may then move the court to enter a default judgment under Rule 55(b)(2).

Entry of default does not entitle a claimant to default judgment as a matter of right. See 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). "A finding that default judgment is appropriate, however, is not the end of the inquiry." Martin v. Nat'l Check Recovery Servs., LLC, No. 12-cv-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." See Wright et al., supra, at § 2688; Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) ("Consequently, before granting a default judgment, the Court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law" (citations omitted)). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." See E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the

moving party's factual allegations or legal conclusions relating to the amount of damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

### III.   DISCUSSION

Upon review of the record, including Plaintiff's motion, supporting brief, and accompanying submissions, the Court concludes that Plaintiff's motion should be granted, but because the Court presently cannot ascertain the appropriate amount of damages, the Court will defer the entry of judgment against Defendant until a trial on damages is conducted and the appropriate damages award can be determined.  As an initial matter, the Court observes that Plaintiff's unchallenged allegations in the complaint, taken as true, state a legitimate cause of action for intentional infliction of emotional distress under Pennsylvania law.  Specifically, to establish a prima facie case for intentional infliction of emotional distress in Pennsylvania, a plaintiff must show that the defendant's conduct was "(1) extreme and outrageous; (2) intentional or reckless; and (3) caused severe emotional distress to another." See Mantua Cmty. Planners v. City of Phila., No. 12-cv-4799, 2016 WL 3227643, at *10 (E.D. Pa. 2016).

In the case at bar, Plaintiff alleges that she was secretly recorded by Defendant in various stages of undress while she was a patient at UPMC Carlisle, conduct that was intentional and objectively extreme and outrageous, and which caused her to suffer severe emotional distress. (Doc. No. 1.)  The allegations of Plaintiff's complaint indicate wrongful conduct on the part of Defendant that would entitle Plaintiff to assert an intentional infliction of emotional distress claim.  Accordingly, the Court finds that the amended complaint sets forth an adequate basis for recovery on this claim.  In addition, having considered the relevant factors in examining Plaintiff's motion, the Court finds that granting Plaintiff's motion is warranted because: (1) Plaintiff has demonstrated prejudice due to Defendant's lack of participation in this case in

that Plaintiff's efforts to obtain damages have been impeded; (2) there is no showing of any meritorious defense on the part of Defendant; and (3) taking Plaintiff's allegations as true, the Court finds obviously culpable conduct on the part of Defendant. See Chamberlain, 210 F.3d at 164 ("Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984))).  The Court, therefore, will grant Plaintiff's motion for default judgment against Defendant.

While the Court will grant Plaintiff's motion for default judgment, it will defer the entry of judgment as to Defendant pending a trial on damages.  At this juncture, the Court cannot ascertain the damages to which Plaintiff would potentially be entitled, and Plaintiff has represented the same to this Court in connection with the instant motion.  Specifically, Plaintiff requests that the Court conduct a one-day jury trial to make a damages determination as to Defendant.[2]  (Doc. No. 8 ¶ 22.)  Finding such an approach appropriate in this case, the Court will grant Plaintiff's motion and order that a trial on damages be scheduled prior to the entry of judgment in this case.

## IV.   CONCLUSION

In consideration of the foregoing, the Court will grant Plaintiff's motion for default judgment (Doc. No. 8) and defer the entry of judgment as to Defendant pending the outcome of a bench trial on damages.  An appropriate Order follows.

---

[2] The Court notes that a trial to determine the amount of damages would permit Plaintiff to provide medical testimony and other information in support of her allegations of serious harm and emotional distress, and in support of her request for punitive damages.  Damages of this nature are "particularly within the province of a jury."  See Armeni v. Transunion LLC, Inc., No. 3:15-cv-00066, 2016 WL 7046839, at *4 (W.D. Va. Dec. 2, 2016).